NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1558

_____

UNITED STATES OF AMERICA

v.

LAZONO FERNANDO DEAMUES
a/k/a
POLO

Lazono Fernando Deamues,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:08-cr-00209)
District Judges: Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2014

_____

Before: FUENTES, FISHER, *Circuit Judges*, and JONES, *District Judge*.[1]

(Opinion Filed:  February 4, 2014)

_____

OPINION OF THE COURT

_____

---

[1] Honorable C. Darnell Jones, II, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

FUENTES, *Circuit Judge*:

Lazono Fernando Deamues appeals the dismissal of his motion for a reduction of sentence. He argues, *inter alia*, that the United States Sentencing Commission's policy statement precluding the reduction of his sentence violates the equal protection component of the Fifth Amendment's Due Process Clause. For reasons stated below, we summarily affirm the District Court's judgment.[2]

## I.

Deamues pleaded guilty to one count of conspiracy to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846. At the time, his criminal history category coupled with his offense level yielded a Guidelines range of 188 to 235 months' imprisonment. At sentencing, Deamues sought a variance from the Guidelines range based on, among other things, the disparity between the crack and powder cocaine offense levels. The District Court concluded that a downward variance of thirty-eight months was appropriate, and imposed a sentence of 150 months' incarceration.

Subsequently, Congress passed the Fair Sentencing Act ("the FSA"), in a laudable attempt "[t]o restore fairness to Federal cocaine sentencing." Pub. L. No. 111-220, 124 Stat. 2372 (2010). The FSA increased the quantities of crack cocaine necessary to trigger the statutory mandatory minimums from five grams to twenty-eight grams for the five-year mandatory minimum, and from fifty grams to 280 grams for the ten-year mandatory

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "[W]hen, as here, a defendant raises purely legal issues of statutory and constitutional interpretation, we exercise plenary review." *United States v. Berberena*, 694 F.3d 514, 519 n.7 (3d Cir. 2012).

minimum. 21 U.S.C. § 841.  Additionally, the FSA authorized the Sentencing

Commission to promulgate amendments to the Guidelines to conform them to the FSA.

*See* 28 U.S.C. § 994.  Pursuant to this authority, the Commission promulgated

Amendment 750, which "reduced the crack-related offense levels in § 2D1.1 of the

Guidelines," as well as Amendment 759, which made Amendment 750 retroactive.

*Berberena*, 694 F.3d at 517-18.  Calculated after the implementation of the amended

Guidelines, Deamues's Guidelines range fell from 188 to 235 months to 151 to 188

months.[3]  Notably, Deamues's initial sentence—150 months imprisonment—is below the

new Guidelines range (151 to 188 months), as well as the prior one (188 to 235 months).

Following the retroactive amendments to the Guidelines, Deamues filed a motion

for a reduction in sentence under 18 U.S.C. § 3582(c)(2).  The District Court concluded

that Deamues was barred from a reduction of his sentence per the policy statement at

U.S.S.G. § 1B1.10.  The Court also rejected Deamues's contention that the policy

statement was unconstitutional, and therefore void.  This appeal followed.

II.

18 U.S.C. § 3582(c)(2) provides for the modification of the terms of imprisonment

"in the case of a defendant who has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission

pursuant to 28 U.S.C. § 994(*o*) and made retroactive pursuant to § 994(u)." *Dillon v.*

---

[3] The Government contends, as it did below, that Deamues's Guidelines range remains 188 to 235 months, the same as it was before the enactment of the FSA. The District Court assumed, without deciding, that Deamues's calculation of the amended guidelines range was correct.  We follow suit.

*United States*, 560 U.S. 817, 824 (2010) (internal quotation marks omitted). However, the policy statement at U.S.S.G. § 1B1.10, as amended, strictly prohibits courts from reducing a "defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range," unless the initial term of imprisonment was reduced "pursuant to a government [§ 5K1.1] motion to reflect the defendant's substantial assistance to authorities . . . ." U.S.S.G. § 1B1.10(b)(2)(A)-(B). In other words, this binding policy statement "prohibits a reduction below the low end of the prisoner's new range, even if the prisoner originally received a below-Guidelines sentence," and "[t]he only exception is for defendants whose below-Guidelines sentences were based on [§ 5K1.1 motions]." *Berberena*, 694 F.3d at 518-19.

Deamues concedes that he is not entitled to a reduction under the plain language of the policy statement. He argues, however, that § 1B1.10 should not be followed. Deamues would have it that, by permitting a reduction below the amended guidelines range only where the sentence was initially reduced pursuant to a § 5K1.1 motion—as opposed to where the initial variance or departure was granted for some other reason— § 1B1.10 violates the equal protection component of the Due Process Clause.[4] We disagree.

---

[4] Deamues also contends that, in promulgating § 1B1.10 , the Commission: (1) exceeded its authority under the FSA; (2) violated the separation of powers doctrine; and (3) failed to comply with the applicable notice-and-comment requirements. He concedes, however, that we rejected the very same arguments in *United States v. Berberena*, 694 F.3d 514 (3d Cir. 2012), and that this panel is bound by that decision. He makes these arguments only to preserve them for potential Supreme Court review.

The Commission's distinction between substantial assistance defendants and other defendants initially given below-Guidelines sentences "neither burdens a fundamental right nor targets a suspect class," meaning that we must "uphold [the distinction] so long as it bears a rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 (1996). A classification passes rational basis review "if there is *any* reasonably conceivable state of facts that could provide a rational basis for the classification." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) (emphasis added). In short, "[t]he threshold for upholding distinctions in a statute under rational-basis review is extremely low . . . ." *United States v. Pollard*, 326 F.3d 397, 408 (3d Cir. 2003). Moreover, where rational basis review applies, "the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record." *Heller v. Doe*, 509 U.S. 312, 320-21 (1993) (internal quotation marks, citation, and alterations omitted).

Deamues insists that the policy statement's disparate treatment of substantial assistance defendants and other defendants with reduced sentences fails rational basis review. He concedes that substantial assistance defendants are differently situated from other defendants before they are sentenced, but he notes that the substantial assistance defendants have already received sentence reductions for their help. Thus, as he sees it, "[a]t this moment, in this proceeding, there is no rational basis for distinguishing the crack defendant who received a below guideline sentence based on substantial assistance from the crack defendant who received a non-substantial assistance departure or variance." Def.'s Br. at 26.

5

We cannot agree that the disparate treatment of these two groups of defendants could not plausibly further any legitimate governmental purpose. For one thing, we fail to see why the Commission is not free to provide substantial assistance defendants with an additional reward for providing the Government with valuable information, even if that reward provides no clearly articulable benefit to the Government. Nor would it be implausible to anticipate that an unpromised showing of beneficence to cooperators might prompt others to assist the Government in the future. Moreover, as we explained in *Berberena*, the Commission promulgated this newest iteration of § 1B1.10 because the prior, more complicated policy statement "ha[d] been difficult to apply and [] prompted litigation." 694 F.3d at 518. "[C]onserv[ing] judicial resources" is an "unquestionably legitimate [legislative] purpose[]." *Imprisoned Citizens Union v. Ridge*, 169 F.3d 178, 189 (3d Cir. 1999).

In sum, Deamues has failed "to negative every conceivable basis which might support" the policy statement at § 1B1.10. *Heller*, 509 U.S. at 320. Hence, his constitutional challenge to the policy statement must fail.

## IV.

For the foregoing reasons, we affirm the District Court's denial of Deamues's motion for a reduction of sentence.